## TRANSFER OF LEASE AND RIGHTS THEREUNDER.

Circuit Court of Cuyahoga County.

THE SUPERIOR SAVINGS & TRUST COMPANY v. HARRY F. PAYER ET AL.

Decided, June 2, 1911.

*Assignment of Lessor's Interest in Lease—Does Not Confer Right to Forcible Detainer.*

The lessor's transfer of his interest in a lease works an assignment of the rents, but conveys no right, possessory or otherwise, to the demised premises, and therefore confers no authority to prosecute forcible detainer.

*Hoyt, Dustin, Kelley, McKeehan & Andrews,* for plaintiff in error.

*R. H. McKisson,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The action below was in forcible detainer. The plaintiff, as assignee of the lessors, claims the right to prosecute such action by virtue of the following endorsement on the lease of the premises in question:

"For one dollar and other valuable and good consideration, we hereby sell, assign and set over unto the Superior Savings & Trust Company, all our rights, title and interest in and to the within lease.

"MARTIN MULLEN.

(Signed)    "E. H. HELM.

"W. D. McTIGHE.

"Cleveland, O., Oct. 9, 1909."

This, it will be observed, does not amount to a conveyance of the reversion; and we hold that it does not, on the lessee's default, confer on the plaintiff any "right of possession," nor any right to "have restitution of said premises," as provided by General Code, Sections 10447 to 10461, governing this kind of action. We find no authority to the contrary, except in states

like New York, New Jersey, Illinois, where such transactions are authorized and regulated by statute. Here, in the absence of any such statute, the lessor's transfer of his interest in the lease doubtless works an assignment of the rents, but conveys no right, possessory or otherwise, to the demised premises, and therefore confers no authority to prosecute forcible detainer. *Chamberlain* v. *Brown,* 2 Doug. (Mich.), 120n; 1 *Tiffany on Landlord and Tenant,* p. 868.

The judgment is therefore affirmed.